UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WELLEM MARCH PAULUS, <br> ZAINAL TAMPUBULON, <br> on behalf of themselves <br> and a class of those similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> RIGSTAFF TEXAS LLC, <br> RIGSTAFF LTD., <br> SCHLUMBERGER LTD., <br> SCHLUMBERGER TECHNOLOGY <br> CORPORATION, SCHLUMBERGER <br> TECHNOLOGIES, INC., <br> DOUGLAS L. WHITE, <br> JOSEPH P. DELORENZO, and <br> WALTER BLISS <br><br> Defendants. | § CIVIL ACTION NO. <br> § <br> § <br> § <br> § COMPLAINT FOR VIOLATIONS OF <br> § FAIR LABOR STANDARDS ACT, <br> § BREACH OF CONTRACT, UNJUST <br> § ENRICHMENT, AND CONVERSION; <br> § CLAIMS FOR DAMAGES, <br> § AND RESTITUTION <br> § <br> § <br> § <br> § <br> § <br> § COLLECTIVE ACTION <br> § <br> § CLASS ACTION <br> § <br> § DEMAND FOR JURY TRIAL |

**ORIGINAL COMPLAINT**

This is an action for damages brought pursuant to the Fair Labor Standards Act and state law by two Indonesian workers who were brought to the United States by Defendants under H-2B temporary work visas. Plaintiffs allege, inter alia, that they did not receive overtime as required by the FLSA, did not receive the terms of work promised in their contracts, that Defendants were unjustly enriched by their labor, and that Defendants illegally withheld and converted funds belonging to the Plaintiffs. Plaintiffs bring this action as a FLSA collective action and a Rule 23 class action on behalf of a class of other similarly situated H-2B workers imported by the RigStaff Defendants.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs FLSA and state law claims pursuant to the following:

   a. 28 U.S.C. §1331 (Federal Question);

   b. 28 U.S.C. § 1337 (Interstate Commerce);

   c. 29 U.S.C. § 216(b) (FLSA), and

   d. 28 U.S.C. §1367 (Supplemental Jurisdiction).

2. The Court has supplemental jurisdiction under 28 U.S.C. 1367 over Plaintiffs' contract, unjust enrichment, and conversion claims because those claims derive from the same common nucleus of operative fact as Plaintiffs' FLSA claims.

## THE PARTIES

3. Plaintiff Wellem March Paulus is a citizen and resident of the Republic of Indonesia.

4. Plaintiff Zainal Tampubolon is a citizen and resident of the Republic of Indonesia.

5. Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b) and 256 as affirmed by the filing as named plaintiffs of this their original petition.

6. Defendant RigStaff Ltd. is a limited partnership under the laws of the State of Texas.

7. Defendant RigStaff Texas LLC is a limited liability corporation under the laws of the State of Texas and is the general partner of Defendant RigStaff Ltd. As the general partner of RigStaff Ltd. it is liable for all debts owed to Plaintiffs, the FLSA Class, and the Rule 23 Class by RigStaff Ltd.

8. Defendant Douglas L. White is a resident of Texas.

9. Defendant Joseph D. Lorenzo is a resident of the State of Texas and was vice-president at RigStaff Texas LLC at all times relevant herein.

10. Defendant Walter Bliss is a resident of the State of Texas and president of RigStaff Texas LLC at all times relevant herein.

11. On information and belief, Defendants RigStaff Texas LLC, RigStaff Ltd., White, Lorenzo and/or Bliss (herein referred to as the "RigStaff Defendants") did business under the assumed names "RigStaff", "Rig Staff" and "RigStaff, Inc."

12. Defendant Schlumberger Ltd. is a corporation under the laws of the State of New York.

13. Defendant Schlumberger Technology Corporation is/was a corporation doing business under the laws of the State of New Mexico and the State of Utah, and is/was a subsidiary of Defendant Schlumberger Ltd.

14. Defendant Schlumberger Technologies Inc. is/was a corporation doing business under the laws of the State of New Mexico and the State of Utah (including as Schlumberger ATE, Inc), and is/was a subsidiary of Defendant Schlumberger Ltd.

15. Defendants Schlumberger Ltd., Schlumberger Technology Corporation, and Schlumberger Technologies Inc. are hereinafter referred to as the Schlumberger Defendants.

## CLASS ALLEGATIONS

16. Plaintiffs bring their Second Claim of Relief as a FLSA collective action on behalf of all persons who were recruited and employed under the H-2B visas issued to the RigStaff Defendants as oil rig workers to perform various jobs, including but not limited to (a)

Welders, (b) Cutters, (c) Solderers, (d) Brazers, (e) Mechanics, (f) Equipment Operators (collectively, the "Class Positions"), at any time within the three years prior to the filing of this Complaint (the "FLSA Period"). This group is herein referred to as the "FLSA Class."

17.  Plaintiffs and the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant RigStaff's common practice, policy, or plan of unlawfully refusing to pay overtime compensation in violation of the FLSA.

18.  Plaintiffs also brings their Third, Fourth, and Fifth Claims for relief in this action as a Rule 23(b)(3) class on behalf of all persons who were recruited and employed under H-2B visas issued to the RigStaff Defendants to perform work in the Class Positions. This class is hereafter referred to as the "Rule 23 Class."

19.  The Rule 23 Class is so numerous that joinder of all members is impracticable.

20.  Common questions of law and fact exist as to members of the Rule 23 class.

21.  Plaintiffs' claims are typical of the Rule 23 Class members' claims. Plaintiffs, like other Rule 23 Class members, were subjected to RigStaff policy of refusing to abide by the terms of contracts made with its H-2B visa workers. Plaintiffs' job duties were typical of those of other Rule 23 Class members.

22.  Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiffs have retained competent counsel who are experienced in complex class actions, the FLSA and state labor and employment litigation.

23.  Class certification of the Third, Fourth, and Fifth Claims for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the Rule 23 Class, and

because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Defendants engaged in the common and uniform practice of willfully failing to abide by the terms of their contracts with its H-2B visa workers. The damages suffered by individual members of the Rule 23 Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about RigStaff's practices.

## FACTS

24. On or about 2005, the RigStaff Defendants applied for and received H-2B temporary work visas from the U.S. government for foreign workers to work as oil rig workers.

25. On or about 2005, the RigStaff Defendants recruited Plaintiffs to enter into the United States under H-2B visas granted to the RigStaff Defendants in order to work as oil rig mechanics.

26. Plaintiffs signed a written contract in Indonesia with RigStaff, Inc. in November 2005. This contract provided, *inter alia*:

   a. a wage rate of $12.53 per hour;

   b. employment through the period of November 01, 2006;

   c. that plaintiffs could only work for RigStaff, Inc. and no other employer during this time period.

27. The work contract signed by Plaintiffs also incorporated various other work terms to the extent they exceeded those set forth in the contract, including, (1) the work provisions contained in the RigStaff Defendants' visa applications; (2) the provisions of Indonesian

5

contract law [Art. 62 of Law No. 13 of 2003 concerning Labor Affairs]; and (3) the provisions of the laws and regulations governing H-2B visas.

28. After entering the United States, Plaintiffs were assigned by the RigStaff Defendants to perform oilfield services for one or more of the Schlumberger Defendants.

29. The Plaintiffs were jointly employed by the RigStaff Defendants and one or more of the Schlumberger Defendants.

30. The Plaintiffs provided valuable services and worked in a satisfactory fashion for the RigStaff Defendants and Schlumberger Defendants.

31. The RigStaff Defendants and Schlumberger Defendants breached Plaintiffs' contracts in the following ways:

    a. Paying them a wage inconsistent with the wage promised by the written contract.

    b. Terminating their employment without cause before the full term of the contract had expired.

32. Defendants knowingly benefitted from the early termination of plaintiffs in a manner that would be unjust, should the Defendants be allowed to retain this benefit.

33. On information and belief, the members of the Rule 23 Class signed contracts with the RigStaff Defendants similar to those signed by Plaintiffs and came to the United States under H-2B visas issued to RigStaff Defendants.

34. On information and belief, the RigStaff Defendants assigned the members of the Rule 23 Class to work for Schlumberger Defendants and/or other joint employers.

35. On information and belief, the Defendants breached the contracts of the Rule 23 Class in the same ways they breached Plaintiffs' contracts.

36.   The RigStaff Defendants and one or more of the Schlumberger Defendants were covered employers as defined by the FLSA.

37.   Plaintiffs and members of the FLSA Class and members of the Rule 23 Class were employees of the RigStaff Defendants. Plaintiffs and members of the FLSA Class and members of the Rule 23 Class, who worked for one or more of the Schlumberger Defendants, were jointly employed by the RigStaff Defendants and one or more of the Schlumberger Defendants.

38.   Plaintiffs and members of the FLSA Class and members of the Rule 23 Class consistently performed work in excess of 40 hours per week for the RigStaff Defendants and their joint employers.

39.   Plaintiffs and members of the FLSA Class and members of the Rule 23 Class did not receive time and a half overtime compensation for hours in excess of 40 hours.

40.   During and after the period in which the Plaintiffs and members of the Rule 23 Class were employed by the Defendants, the RigStaff Defendants, through the withholding of wages, had complete control over tax payments for the Plaintiffs and members of the Rule 23 Class.

41.   RigStaff Defendants converted money owed to Plaintiffs by wrongfully withholding wages in excess of the amount of money Plaintiffs owed in taxes and/or withholding or interfering with tax refunds due from the IRS and belonging to the Plaintiffs.

42.   Plaintiffs have made demands for the money owed to them and referenced in the preceding paragraph; RigStaff Defendants have refused to deliver the money to the Plaintiffs.

43.   On information and belief, RigStaff Defendants have similarly converted money belonging to members of the Rule 23 Class as well.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,**
**Brought by Plaintiffs on Behalf of Themselves)**

44.  The above described actions by Defendants violated Plaintiffs' rights under the FLSA for which they are entitled to relief pursuant to 29 USC § 216(b).

**SECOND CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,**
**Brought by Plaintiffs on Behalf of the FLSA Class)**

45.  The above described actions by Defendants violated FLSA Class Members rights under the FLSA for which they are entitled to relief pursuant to 29 USC § 216(b).

**THIRD CLAIM FOR RELIEF**
**(Breach of Contract,**
**Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

46.  The above described actions constitute a breach of contract for which the Plaintiffs and other members of the Rule 23 Class are entitled to relief pursuant to the common law of contracts.

**FOURTH CLAIM OF RELIEF**
**(Unjust Enrichment,**
**Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

47.  The above described actions by Defendants constitute unjust enrichment of Defendants for which Plaintiffs and other members of the Rule 23 Class are entitled to relief pursuant to the common law of unjust enrichment.

## FIFTH CLAIM OF RELIEF
### (Conversion, Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)

48. The above described actions by Defendants constitute conversion for which Plaintiffs and other members of the Rule 23 class are entitled to relief pursuant to the common law of conversion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the FLSA Class and the Rule 23 Class, pray that this Court:

A. Designate this action as a collective action on behalf of the FLSA Class, order issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Class apprising them of the pendency of this action and of their right to join this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designate Plaintiffs as Representatives of the FLSA Class.

C. Certify this action as a Rule 23 class action on behalf of the Rule 23 Class;

D. Designate Plaintiffs as Representatives of the Rule 23 Class;

E. Award Plaintiffs and the members of the FLSA Class their unpaid overtime compensation and an equal amount of liquidated damages;

F. Award Plaintiffs and the members of the Rule 23 Class their actual damages as a result of Defendants' breach of contract, unjust enrichment and conversion.

G. Award Plaintiffs their costs of action incurred herein, including expert fees;

H. Award Plaintiffs their reasonable attorneys' fees;

I. Award Plaintiffs Pre-Judgment and Post-Judgment interest, as provided by law;

J. Award such other and further relief as this Court deems just and proper.

Respectfully Submitted,

by: *William H Beardall Jr.*

William H. Beardall, Jr.
Texas Bar No 20282300
Attorney in Charge for Plaintiffs
Equal Justice Center
Transnational Worker Rights Clinic
510 S. Congress Ave. Suite # 206
Austin, TX 78704
Telephone: (512) 474-0007
Facsimile: (512) 474-0008
Email: bill@equaljusticecenter.org

Jerome Wesevich
D.N.M. Federal Bar No. 0650
Equal Justice Center
1004 Summit Dr., NE
Albuquerque, New Mexico 87106
Telephone: 505-265-9430
Email: jerry@equaljusticecenter.org

Edward Tuddenham
Texas Bar No. 20282300
272 W. 107th St. #20A
New York, New York 10025
Telephone: 212-866-6026
Email: etudden@io.com

Attorneys for Plaintiffs