UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WELLEM MARCH PAULUS, § <br> ZAINAL TAMPUBULON, § <br> on behalf of themselves § <br> and a class of those similarly situated § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> RIGSTAFF TEXAS LLC, RIGSTAFF LTD.,§ <br> SCHLUMBERGER LTD., § <br> SCHLUMBERGER TECHNOLOGY § <br> CORPORATION, SCHLUMBERGER § <br> TECHNOLOGIES, INC., § <br> DOUGLAS L. WHITE, § <br> JOSEPH P. DELORENZO, and § <br> WALTER BLISS § <br> § <br> Defendants. § | CASE NUMBER: CV 08-1104 BB/ACT |

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on February 20, 2009, and was attended by:

1) Edward Tuddenham for Plaintiffs
   272 W. 107th St. #20A
   New York, New York 10025
   212-866-6026
   etudden@io.com

2) Ben Banta and Michael Hudson for Defendants Schlumberger Ltd. and Schlumberger Technology Corporation ("the Schlumberger Defendants" or "Schlumberger")

   Ben Banta
   The Kullman Firm, P.L.C.
   1100 Poydras Street, Suite 1600
   New Orleans, LA 70163
   Telephone: (504) 524-4162
   bhb@kullmanlaw.com
   Michael Hudson

The Kullman Firm, P.L.C.
200 6th Street North, Suite 704
Columbus, MS  39701
Telephone:  (662) 244-8824
msh@kullmanlaw.com

3)     Nitin Sud for Defendants RigStaff Texas LLC and RigStaff Ltd. ("the RigStaff Defendants"), Joseph P. Delorenzo, and Walter Bliss[1]

Littler Mendelson, PC
1301 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 652-4753
nsud@littler.com

## NATURE OF THE CASE

This is a putative collective action brought to recover alleged unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, as well as a putative class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure and asserting claims under New Mexico state law for unjust enrichment, conversion, and breach of contract.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiffs should be allowed until June 1, 2009, to amend the pleadings and join additional parties.

Plaintiffs intend to file:

1)     a motion to issue notice to similarly employed workers (of their right to opt-in to this FLSA action);

2)     a motion for certification of a Rule 23(b)(3) class.

Defendants should be allowed until July 1, 2009, to amend the pleadings and join

---

[1] Mr. Dan Dolan, who is representing the Defendant Douglas L. White, attended this telephonic meeting with the express understanding among all the parties that his appearance would not serve to waive any personal jurisdiction defenses that the Defendant White has asserted or may assert.  Because the Defendant White has already asserted such a defense, Mr. Dolan is not participating in the drafting of this Report and is not noting his approval and/or disapproval of any of the assertions or stipulations stated herein.

additional parties.

Defendants intend to file:

1) The Schlumberger Defendants presently contemplate amending their Answer in order to assert a cross-claim against the RigStaff Defendants related to indemnity. The Schlumberger Defendants do not contemplate seeking to join additional parties at the present time, but reserve the right to amend the pleadings or seek joinder through July 1, 2009.

2) The RigStaff Defendants may assert a cross-claim against the Schlumberger Defendants for interference with contractual/employment relations. The RigStaff Defendants do not contemplate seeking to join additional parties at the present time, but reserve the right to amend the pleadings or seek joinder through July 1, 2009.

3) Joseph P. Delorenzo does not contemplate seeking to join additional parties at the present time, but reserves the right to amend the pleadings or seek joinder through July 1, 2009.

4) Walter Bliss does not contemplate seeking to join additional parties at the present time, but reserves the right to amend the pleadings or seek joinder through July 1, 2009.

## STIPULATIONS

The parties hereto stipulate and agree that the law governing the FLSA Plaintiffs' overtime claims is the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## PLAINTIFFS' CONTENTIONS:

Plaintiffs contend that they and other foreign workers were recruited and hired by the RigStaff Defendants to work in the United States using temporary H-2B work visas. Plaintiffs allege that they were jointly employed in the United States by the RigStaff Defendants and the Schlumberger Defendants, that they were not paid overtime as required by the FLSA, that their contract was breached in a number of ways including failure to pay the promised wages, failure to pay overtime, and failure to employ plaintiffs for the full term of the contract. Plaintiffs also contend that Defendants were unjustly enriched by and/or converted tax refund monies belonging to

the Plaintiffs.

Plaintiffs allege that other H-2B visa workers imported by the RigStaff Defendants were subjected to similar mistreatment and that notice should issue to them of their right to join the FLSA action. Plaintiffs bring their other causes of action on behalf of a class defined as "all workers employed under H-2B visas issued to the RigStaff Defendants."

## **DEFENDANTS' CONTENTIONS**

The Schlumberger Defendants deny the Plaintiffs' contentions and deny that this case should be certified as a collective action or a class action.

The RigStaff Defendants, Joseph P. Delorenzo, and Walter Bliss also deny the Plaintiffs' contentions and deny that this case should be certified as a collective action or a class action.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

**Plaintiffs' Witnesses:**

1) <u>Plaintiffs</u>   <u>Wellem March Paulus</u>
   <u>Zainal Tampubulon</u>
   c/o Edward Tuddenham
   272 W. 107th St. #20A
   New York, New York 10025

   Plaintiffs are knowledgeable about the terms of work offered to them; the circumstances of their employment and termination, class certification issues and their damages.

2) <u>H-2B workers employed pursuant to RigStaff visas</u>

Addresses and phone numbers unknown

These witnesses may be knowledgeable regarding the circumstances of Plaintiffs recruitment and hiring, the circumstances of Plaintiffs employment and termination, including hours of work, wages and facts relating to the employer-employee relationship. They may also be knowledgeable regarding class certification issues and damages

3) <u>Schlumberger Technology Corporation employees</u>
Addresses and phone numbers unknown

These witnesses may be knowledgeable about the circumstances of Plaintiffs' employment and termination, hours of work, facts related to the employer-employee relationship, class certification issues, and damages.

4) <u>Co-Workers and Supervisors of Plaintiffs at the locations</u>

Wayne Allen
3106 Bloomfield
Farmington, NM 87401
505-325-5906

Roger _____
3106 Bloomfield
Farmington, NM 87401
505-325-5096

Joe Bryson
1170 E. Main St.
Vernal, Utah 84078
435-789-0411

Soulwin Semper
Yassin Wirahadikusuma
Brad Trust

Addresses and phone numbers unknown.

These individuals may have knowledge of the Plaintiffs' recruitment and hiring, the circumstances of Plaintiffs employment and termination, including hours of work, wages and facts relating to the employer-employee relationship, class certification issues and damages.

5) PT IYA employees and agents including:

    Rietje R. Aryantho
    Messakh
    Oscar Rompis
        Jl. Kelapa Puan Raya Blok FU 1 no. 22-24
        Kapala Gading, Jakarta
        Indonesia

These individuals may have knowledge of RigStaff's H-2B applications, the circumstances of Plaintiffs recruitment and hiring and contractual promises made to them, and class certification issues.

6) RigStaff Texas LLC
   RigStaff Ltd
   Joseph P. Lorenzo
   Walter Bliss
   c/o Nitin Sud

   Douglas White
   c/o Dan Dolan

These individuals may have knowledge of RigStaff's H-2B applications, the circumstances of Plaintiffs recruitment and hiring and contractual promises made to them; the circumstances of Plaintiffs' employment and termination, including wages, hours of work and facts bearing on the employer/employee relationship, class certification issues and damages.

7) New Mexico Department of Workforce Solutions employees
    Ann Armigo
    401 Broadway NE
    Albuquerque, NM 87102
    505-841-8509

These individuals may be knowledgeable about the circumstances of RigStaff's H-2B application, the terms of work offered and other representations by RigStaff regarding the work.

8) U.S. Department of Labor employees
    200 Constitution Ave. NW
    Washington, DC   20210

These individuals may be knowledgeable about the circumstances of RigStaff's H-

6

2B application, the terms of work offered and other representations by RigStaff regarding the work.

9) Any witness or witnesses listed by other parties and not objected to by Plaintiffs. Plaintiffs also reserve the right to timely supplement this list to add additional witnesses.

**Schlumberger Defendants' Witnesses:**[2]

1) <u>Debbie Yancey</u>: Business Systems Specialist, Schlumberger Technology Corporation

   Address:   3106 East Bloomfield Highway
              Farmington, NM 87401
              (505) 325-5096

   Served as Schlumberger's liaison for the RigStaff employees in Farmington, New Mexico; may have knowledge as to the Plaintiffs' work conditions, hours of work, and Schlumberger's defenses and relationship with both the Plaintiffs and RigStaff at the Farmington, New Mexico, worksite.

2) <u>Tina Shurtz</u>: Administrator, Schlumberger Technology Corporation

   Address:   1170 E. Main Street
              Vernal, Utah 84078
              (435) 789-0411

   May have knowledge as to the Plaintiffs' work conditions, hours of work, and Schlumberger's defenses and relationship with both the Plaintiffs and RigStaff at the Vernal, Utah, location.

3) <u>Yasin Wirahadikusumah</u>: Operations Manager; Schlumberger Technology Corporation

   Address:   8321 Las Cruces Drive
              Laredo, TX 78045
              (956) 724-4461

   During the relevant time period, was Schlumberger's Cementing Manager at the Vernal, Utah, worksite. May have knowledge as to the Plaintiffs' work conditions in Vernal.

---

[2] Note to parties and co-counsel: while an address for each listed Schlumberger witness is provided, all of the listed Schlumberger Defendants' witnesses are employees of Schlumberger and should thus be contacted only through counsel.

4) <u>Wayne Finger</u>: Human Resources Manager; Schlumberger Limited

    Address:    42 Rue Saint Domique
                      Paris, France 75007
                      33-14062-1258

During the relevant time period, was Schlumberger's North American Human Resources Manager in Houston, Texas, and was Schlumberger's primary contact regarding the RigStaff project and contract. May have knowledge regarding Schlumberger's relationship with RigStaff, Schlumberger's defenses, and the background facts surrounding the project.

5) <u>Roger Keese</u>: Shell Global Account Manager - Well Services; Schlumberger Technology Corporation

    Address:    1325 S. Dairy Ashford
                      Houston, TX 77077
                      (281) 285-8747

During the relevant time period, was Schlumberger's United States West Well Services Manager in Denver, Colorado. May have knowledge as to the RigStaff program, Schlumberger's defenses, and the background facts surrounding the project.

6) <u>Paul Culek</u>: Fracturing Field Services Manager; Schlumberger Technology Corporation

    Address:    3106 East Bloomfield Highway
                      Farmington, NM 87401
                      (505) 325-5096

May have knowledge as to the Plaintiffs' working conditions and circumstances.

7) <u>Chris Nelson</u>: Fracturing Supervisor; Schlumberger Technology Corporation

    Address:    3106 East Bloomfield Highway
                      Farmington, NM 87401
                      (505) 325-5096

May have knowledge as to the Plaintiffs' working conditions and circumstances.

8) <u>Selwyn Simper</u>: Fracturing Field Services Manager; Schlumberger Technology Corporation

      Address:    1170 E. Main Street
                       Vernal, Utah 84078
                       (435) 789-0411

May have knowledge as to the Plaintiffs' working conditions and circumstances.

9) <u>Wayne Allen</u>: QHSE Coordinator (Safety Manager); Schlumberger Technology Corporation

      Address:    3106 East Bloomfield Highway
                       Farmington, NM 87401
                       (505) 325-5096

May have knowledge as to the Plaintiffs' working conditions and circumstances.

10) Any witness or witnesses listed by other parties and not objected to by Schlumberger. Schlumberger also reserves the right to timely supplement this list to add additional witnesses.

**RigStaff Defendants', Joseph P. Delorenzo's, and Walter Bliss' Witnesses:**

1)
Wellem March Paulus
Zainal Tampubulon
c/o Edward Tuddenham
272 W. 107th Street
Suite 20A
New York, NY 10025
212-866-6026

Paulus and Tampubulon are the plaintiffs in the above-captioned case and presumably will testify about their claims and damages against the defendants.

2)
Walter Bliss
Joseph DeLorenzo
c/o Nitin Sud
1301 McKinney Street, Suite 1900
Houston, Texas 77010-3031
(713) 951-9400
Bliss and DeLorenzo are two of the named defendants, employed by RigStaff, Ltd., will testify in support of the defendants' defenses in this case.

9

3)
Douglas White
c/o Daniel R. Dolan, II
5801 Osuna Rd NE
Suite 106
Albuquerque, NM 87109
(505) 883-1266

White, the former president of RigStaff, Ltd., is a named defendant and presumably will testify in support of the defendants' defenses in this case.

4)
Debbie Yancy
c/o Benjamin Banta
The Kullman Firm
1100 Poydras St.
Suite 1600
New Orleans, LA 70163
504-524-4162

Yancy was the District Financial Supervisor employed by Schlumberger in Farmington, New Mexico, who may testify regarding the hours the plaintiffs may have worked during the relevant time periods, if any.

5)
Any witness or witnesses listed by other parties and not objected to by the RigStaff defendants, Delorenzo, or Bliss.  These defendants also reserve the right to timely supplement    this list to add additional witnesses.

List all documents which you believe, at this time, will be exhibits at the trial.

**Plaintiffs' Documents**:

1) ETA 750s filed by RigStaff

2) CIS forms I-129 filed by RigStaff

3) Contracts signed by Plaintiffs in Indonesia

4) Wage Hour records pertaining to the RigStaff H-2B workers.
5) E-mail Debbie Buckingham to Plaintiffs dated May 7, 2008

6) Art. 62 of Law No. 13 of 2003 (Indonesian Labor Affairs).

7) All documents identified by Defendants that are not objected to by Plaintiffs.

8) Plaintiffs reserve the right to timely supplement this list to add additional documents.

**Schlumberger Defendants' Documents**:

1) October 28, 2005, Staffing Servicing Agreement between Schlumberger and RigStaff, Ltd., including Exhibit A to the subject Agreement.

2) Invoices from RigStaff to Schlumberger regarding requests for payment for services rendered in connection with the subject contract and project.

3) February 17, 2005, Staffing Servicing Agreement between RigStaff, Ltd. and PT. Irenendo Yeserta Abadi.

4) November 10, 2005, RigStaff "Letter Agreement Establishing Employer and Employee" with the named Plaintiff Wellem Paulus.

5) May 27, 2005 letter from RigStaff to PT. Irenendo Yeserta Abadi.

6) All documents identified by Plaintiffs and other Defendants that are not objected to by Schlumberger.

7) Schlumberger reserves the right to timely supplement this list to add additional documents.

**RigStaff Defendants', Joseph P. Delorenzo's, and Walter Bliss' Documents:**

1) Emails dated February 8, 2006 from Wayne Allen, Patricio Vacas, and Roger Keese.

2) Email dated June 29, 2006 from Walter Bliss to several individuals.

3) Tax and payroll records of the named plaintiffs.

4) All documents identified by Plaintiffs and other defendants that are not objected to by the RigStaff Defendants, Delorenzo, or Bliss.

5) The RigStaff Defendants, Delorenzo, and Bliss reserve the right to timely supplement this list to add additional documents.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

> **Plaintiffs' Expert Witnesses:** Plaintiffs do not currently anticipate expert testimony on their behalf.
>
> **Schlumberger Defendants' Expert Witnesses:** The Schlumberger Defendants do not currently anticipate expert testimony on their behalf.
>
> **RigStaff Defendants' Expert Witnesses:** The RigStaff Defendants do not currently anticipate expert testimony on their behalf.
>
> **Defendant Joseph P. Delorenzo's Expert Witnesses:** Joseph P. Delorenzo does not currently anticipate expert testimony on his behalf.
>
> **Defendant Walter Bliss' Expert Witnesses:** Walter Bliss does not currently anticipate expert testimony on his behalf.

Discovery will be needed on the following subjects:

Documents and anticipated testimony supporting or refuting the allegations raised in the Plaintiffs' Complaint, documents and anticipated testimony regarding the respective relationship(s) between the parties, and documents and anticipated testimony regarding the Defendants' respective affirmative defenses.

Maximum of 30 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 50 requests for admission by each party to any other party. (Responses due 30 days after service).

Maximum of 10 depositions by Plaintiffs and 10 by each of the respective Defendants.

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts, if any, under Rule 26(a)(2) due:

> from Plaintiffs by August 3, 2009;
>
> from Defendants by September 3, 2009.

Supplementation under Rule 26(e) due 30 days prior to close of discovery.

All discovery commenced in time to be completed by 180 days after the entry of the Scheduling Order.

Other Items:  None

## PRETRIAL MOTIONS

Plaintiffs intend to file: Plaintiffs intend to file motions for class certification and a motion for partial summary judgment; other motions as necessary.

Defendants intend to file: Motion to Transfer Venue (pending); Motions for Summary Judgment; other motions as necessary depending on the posture of the litigation.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days.

\_\_\_\_ This is a non-jury case.

  X   This is a jury case.

The parties request a pretrial conference 30 days prior to trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to undertaking discovery. The parties request a settlement conference in July or August of 2009.

## EXCEPTIONS

None.

APPROVED WITHOUT EXCEPTIONS


/s/ Edward Tuddenham_____
For Plaintiffs


/s/ Benjamin H. Banta_____
/s/ Michael S. Hudson_____
For Schlumberger Defendants


/s/ Nitin Sud_____
For RigStaff Defendants


/s/ Nitin Sud_____
For Defendant Joseph P. Delorenzo


/s/ Nitin Sud_____
For Defendant Walter Bliss