IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WELLEM MARCH PAULUS,
*et al.*

    Plaintiffs,

v.

RIGSTAFF TEXAS LLC,
*et al.*

    Defendants.

_____

Civil Action No.

1:08-cv-1104 (BDB)

**BRIEF SUPPORTING PLAINTIFFS' MOTION
FOR CONDITIONAL CERTIFICATION OF FLSA REPRESENTATIVE ACTION**

Plaintiffs Wellem March Paulus and Zainal Tampubulon submit this brief in support of their motion to conditionally certify this action as an FLSA collective action on behalf of the following class:

> All persons who worked for Schlumberger Technology Corp. under H-2B visas that were issued to the RigStaff Defendants.

Plaintiffs also seek an order compelling Defendants to provide Plaintiffs with the names, addresses and other identifying information of the class members so that notice may be issued to the class members informing them of their right to join this action.

**I. STATEMENT OF THE CASE**

    **A. Plaintiffs' Allegations**

Plaintiffs are two Indonesian workers who were recruited by the RigStaff Defendants to come to the United States to work for Schlumberger Technology Corp. under temporary H-2B visas. Plaintiffs complain that Defendants breached their work contracts and deprived Plaintiffs

and other similarly situated H-2B workers of overtime payments required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.  Plaintiffs bring their FLSA claims as an FLSA representative action and their state law claims as a Rule 23(b)(3) class action on behalf of similarly situated H-2B workers.  Complaint, Doc. 1. at ¶¶ 16-23.

### B. Evidence Supporting This Motion

In 2005, the RigStaff Defendants applied for and received 40 temporary visas for foreign workers to fill jobs entitled "Equipment Operator I."  Exh. 3 at Rigstaff 005-007.[1]  According to this application, all 40 workers would be performing the same Equipment Operator I job.  Defendants' visa application offered $12.53 per hour and $18.80 per hour overtime.  *Id.*  At about the same time, the RigStaff Defendants entered into a Staffing Services Agreement with Schlumberger Oilfield Services and possibly other companies.  Exh. 3 at RigStaff 008-017.  Pursuant to the staffing agreement with Schlumberger, RigStaff was to provide Schlumberger with "25-40 English speaking rig hands willing to travel to the USA to work."  *Id.* at RigStaff 0016.  The staffing agreement also provided that Schlumberger was to "[s]upervise and be responsible for all results and job performance of crews provided by RigStaff," *id.* at RigStaff 009, § 3 C, and pay RigStaff at a rate of "$213 per day per man (no overtime)."  *Id.* at RigStaff 0016.  RigStaff agreed to pay the H-2B workers out of the money received from Schlumberger.  *Id.* at Rigstaff 008, § 2 B.

Plaintiffs Wellem March Paulus and Zainal Tampubulon were among the foreign workers whom RigStaff recruited to work under its H-2B visas.  RigStaff Answer, Doc. 10 at ¶ 25; Exhs.

---

[1] Exhibits 1 through 6 are attached to this brief and referenced in it by Bates stamp number, paragraph, and section as applicable.

1 and 2. The Rigstaff Defendants assigned Plaintiffs and at least 28 other H-2B workers to work for Defendant Schlumberger in Farmington, New Mexico. Some of those workers, including the named Plaintiffs, were later transferred to Schlumberger operations in Utah, Wyoming, and Colorado. Exh. 5 at SLB 0016-22 (invoices from RigStaff to Schlumberger).[2] The named Plaintiffs and other H-2B workers worked for Schlumberger at least 80 hours per week and, in some weeks, considerably more. Exhs. 1 and 2 (Plaintiffs' declarations). Despite these overtime hours, RigStaff paid Plaintiffs and its other H-2B workers day rates with no overtime. *Id.*; Exh. 4 at RigStaff 0046-0057 (payroll records showing that no record was made of hours of work).

The current motion asks the Court to grant conditional approval for this action to proceed as an FLSA collective action on behalf of all of the RigStaff Defendants' H-2B Visa workers who were assigned to work for Schlumberger Technology Corp., and to authorize Plaintiffs to issue notice of this lawsuit to these workers so that they have an opportunity to join this action.

## II.  LEGAL STANDARDS GOVERNING FLSA REPRESENTATIVE ACTIONS

FLSA § 16(b) provides that a person may maintain an action on "behalf of himself ... and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought." 29 U.S.C. § 216(b). There are only two requirements to proceed as a representative action: (1) all plaintiffs must be "similarly situated;" and (2) each

---

[2] These invoices list 30 H-2B workers by name, Exh. 5 "SLB 0017", and bill for "30 oil field service personnel" at the $213/day rate set forth in the RigStaff/Schlumberger Staffing Services Agreement, Exh. 3 "RigStaff 0016."

plaintiff must consent in writing to take part in the suit.[3]  This latter requirement means that a representative action follows an "opt-in" rather than an "opt-out" procedure.  *See Brown v. Money Tree Mortg., Inc.,* 222 F.R.D. 676, 678 (D. Kan. 2004).  When employees are shown to be similarly situated, the district court has the discretion to implement the representative action procedure by facilitating notice to potential plaintiffs of their right to opt-into the action.  *See Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 172 (1989).  This notice should be "timely, accurate, and informative."  *Id.*

Courts in the Tenth Circuit have long followed a two-stage procedure called the "*ad hoc* approach" to determine whether a case should proceed as a representative action.  *See Bayles v. American Medical Response,* 950 F. Supp. 1053, 1066 (D. Col. 1996); *Vaszlavik v. Storage Tech. Corp.,* 175 F.R.D. 672, 678 (D. Col. 1997); *Reab v. Elec. Arts, Inc.,* 214 F.R.D. 623, 627 (D. Col. 2002); *Pivonka v. Bd. of County Comm'rs,* 2005 WL 1799208 (D. Kan. 2005).  "The Tenth Circuit has endorsed the *ad hoc* method of determination." *Gieseke v. First Horizon Home Loan Corp.,* 408 F. Supp. 2d 1164, 1165 (D. Kan. 2006) (citing *Thiessen v. GE Capital Corp.,* 267 F.3d 1095, 1105 (10th Cir. 2001)).

The first step under the "*ad hoc* approach" is conducted as early as possible in the litigation.  "Because the court has minimal evidence, [the "similarly situated"] determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."  *Mooney v. Aramco Services Co.,* 54 F. 3d 1207, 1214 (5th Cir. 1995); *Gieseke,* 408 F. Supp. 2d at 1166; *Pivonka*, 2005 WL 1799208 at *2.  At this stage, some courts

---

[3] Rule 23 standards do not apply to FLSA opt-in class.  *Thiessen v. Gen. Elec.,* 267 F.3d 1095, 1105 (10th Cir. 2001)(collective actions are "independent of and unrelated to, the requirements for class actions under Rule 23").

have "require[d] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen,* 267 F.3d at 1102 (quoting *Vaszlavik,* 175 F.R.D. at 678 (quoting *Bayles*, 950 F. Supp. at 1066)). If the district court finds that standard has been met, the court conditionally certifies the class and potential class members are given notice and the opportunity to opt in. *Vaszlavik,* 175 F.R.D. at 681-82.

The second stage is typically precipitated by a motion for "decertification" filed by the defendant after discovery is largely complete. *Mooney,* 54 F. 3d at 1214. If the additional claimants are similarly situated, the district court allows the representative action to proceed. If the claimants are not similarly situated, the district court decertifies the class and opt-in plaintiffs are dismissed without prejudice. *Id.*

This two-step process for deciding the "similarly situated" requirement is necessary because, unlike a Rule 23 class action, limitations is not tolled for putative members of an FLSA class until they affirmatively opt in to the action. **Thus, it is critical that notice of the right to opt in issue promptly after the filing of the case if there is a colorable basis for believing the class members may be similarly situated.** *See Thiessen,* 267 F. 3d at 1105; *Hipp v. Liberty National*, 252 F. 3d 1208, 1216-1217 (11th Cir. 2001) *cert. denied* 534 U.S. 1127. The second-stage proceeding, which occurs only after an opportunity for discovery, allows the Court to revisit the "similarly situated" question on a full factual record and to decertify the class if the record shows that the members are not similarly situated. This two-stage procedure protects the interests of workers by ensuring that they receive timely notice of their right to vindicate their FLSA rights while ensuring that only claims of similarly situated workers are tried.

Although the FLSA does not define the term "similarly situated," *see Reab*, 214 F.R.D. at 627, courts generally agree that plaintiffs must allege that the putative class members were injured as a result of an employer's policy that has affected all class members in a similar fashion. *See Bayles,* 950 F. Supp. at 1066 (Courts "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."). Courts have disagreed over whether mere pleading is sufficient or whether a plaintiff must provide a "modest factual showing" to support class allegations. *Compare Bayles,* 950 F. Supp. at 1066 (substantial allegations sufficient) *with Mueller v. CBS, Inc.,* 201 F.R.D. 425, 429 (W.D. Pa. 2001) (plaintiff must to provide "a sufficient factual basis on which a reasonable inference could be made" that putative class members are similarly situated) (quoting *Brooks v. BellSouth Telecommunications, Inc.,* 164 F.R.D. 561, 567 (N.D. Ala. 1995)). This Court need not resolve this dispute, because under either standard, Plaintiffs have met their burden of demonstrating that the class is similarly situated. *Gieseke,* 408 F. Supp. at 1166 ("While the Tenth Circuit's language in *Thiessen* seems to indicate hat only substantial allegations are required, the court need not resolve the issue because plaintiffs have assumed that some presentation of evidence is appropriate here, and they have presented limited evidence in support of their claims.")

### III. PLAINTIFFS AND CLASS MEMBERS ARE SIMILARLY SITUATED

Plaintiffs' allegations and the evidence discussed above meet the "fairly lenient standard" for conditional class certification. Plaintiffs allege that all of the class members were similarly employed as oil rig workers, Complaint, Doc. 1 at ¶ 16, that they consistently worked in excess of 40 hours per week, *Id*. at ¶ 38, and that they were all subject to the RigStaff Defendants'

common policy of not paying overtime to such workers. *Id*. at ¶¶ 17 and 39. Plaintiffs have also presented substantial evidence to back up these allegations. That all of the class members were similarly employed is supported by RigStaff's H-2B application which indicates that all of the H-2B workers would be performing the same job, "Equipment Operator I." Exh. 3 at RigStaff 006. Plaintiffs have submitted their own declarations swearing that they and other H-2B workers at Schlumberger regularly worked in excess of 40 hours per week and did not receive overtime pay. Exhs. 1 and 2. In addition, Plaintiffs have submitted the RigStaff Defendant's contractual agreement with Schlumberger which was the same for all of the class members and which indicated that workers would be paid day rates without overtime. Exh. 3 at RigStaff 008-017 and RigStaff 0025-0030. Finally, Plaintiffs have submitted RigStaff's invoices to Schlumberger which were based solely on the number of days H-2B workers were employed. Exh. 5 at SLB 0011-22. RigStaff's payroll records also show workers being paid day rates without regard to their hours of work or overtime.[4] Exh. 4 at RigStaff 0048-0057. All of this evidence supports Plaintiffs contention that all class members performed the same general kinds of jobs, and were paid pursuant to the same series of contracts calling for day rates rather than payment of time-and-a-half for overtime as required by the FLSA. The lawfulness of the Defendants' policy of paying H-2B workers day rates, rather than time-and-a-half for overtime, is thus a question common to all H-2B workers. All of the putative class members are similarly situated with

---

[4] The RigStaff payroll records are peculiar to say the least. Not only do they fail to record the hours worked, but workers who are paid different gross amounts inexplicably wind up with the same net pay. For example, on RigStaff 0048, all four H-2B workers on the payroll records received net pay of $100/day (i.e. $1500), yet their gross earnings are all different varying from $2393.05 to $1963.29. *See also* RigStaff 0053 (all four workers receive $1200 net pay for a 15 day period despite different gross salaries varying from $2082.74 to $1756.68.

respect to that policy. This evidence is more than sufficient to meet the "lenient standard" for conditional certification. *Gieseke,* 408 F. Supp. at 1166.

## IV. DEFENDANTS MUST PROVIDE ADDRESSES, TELEPHONE NUMBERS AND SOCIAL SECURITY NUMBERS TO FACILITATE NOTICE

To facilitate the issuance of notice to the class members, Plaintiffs ask the Court to order Defendants to provide Plaintiffs with all contact information that Defendants have for the class members, including their dates of birth, all address information, all telephone numbers, social security numbers, and passport numbers. Foreign addresses are critical because, by class definition, the class members were only temporarily in the United States under the H2-B visa program. All identifying information is necessary to efficiently locate foreign workers and is routinely ordered produced in FLSA collective actions. *See, Recinos-Recinos v. Express Forestry, Inc.,* 233 F.R.D. 472, 482 (E.D. La. 2006) (ordering production of telephone numbers of potential class members); *Patton v. Thomson Corp.,* 364 F. Supp. 2d. 263, 268 (E.D.N.Y. 2005) (telephone numbers and social security numbers); *Geer v. Challenge Finance Investors Corp.,* 2005 WL 2648054 at *5 (D. Kan. 2005).

## V. PLAINTIFFS' PROPOSED NOTICE SHOULD BE APPROVED

A copy of the notice that Plaintiffs propose to send to the class members is attached to this motion as Exhibit 6. This notice informs class members in neutral language of the nature of this action, of their right to participate in it by filing a consent to sue form with the Court and the consequences of a decision to join or decline to join the action. Accordingly, the notice should be approved as written. Plaintiffs' counsel will bear the cost of mailing the notices.

## CONCLUSION

For all the foregoing reasons, this Court should conditionally certify this action as a representative action on behalf of similarly situated H-2B visa workers who were recruited and employed by the Rigstaff Defendants and Schlumberger Defendants, and authorize Plaintiffs' counsel to issue the attached notice to the class members.  To facilitate issuance of the notice, the Court should order Defendants to provide Plaintiffs with all contact information for class members that is within Defendants' control, including without limitation the permanent and last known addresses, telephone numbers, date of birth, passport and social security numbers of all potential class members.

                    Respectfully submitted,

                    _____/s/_____

                    Jerome Wesevich
                    D.N.M. Federal Bar No. 0650
                    Equal Justice Center
                    1004 Summit Dr., NE
                    Albuquerque, New Mexico 87106
                    Telephone: 505-265-9430
                    Email: jerry@equaljusticecenter.org

                    William H. Beardall, Jr.
                    Texas Bar No. 20282300
                    Equal Justice Center
                    Transnational Worker Rights Clinic
                    510 Congress Ave.  Suite #206
                    Austin, Texas 78704
                    Telephone: (512) 474-0007
                    Fax: (512) 474-0008
                    Email: bill@equaljusticecenter.org

                    Edward Tuddenham
                    Texas Bar No. 20282300
                    228 W. 137th St.
                    New York, New York 10030

Telephone: 212-281-6660
Email: etudden@io.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of April, 2009 I used the court's CM/ECF system to file, and provided by email a true and correct copy of the foregoing document with all attachments to the following counsel of record for all defendants as follows:

    Nitin Sud   Nsud@littler.com
    Ben Banta   bhb@kullmanlaw.com
    Michael Hudson  msh@kullmanlaw.com
    Dan Dolan   dan@lobo.net

                                                     /s/
                                       Jerome Wesevich