UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| WELLEM MARCH PAULUS,<br>ZAINAL TAMPUBULON,<br>on behalf of themselves<br>And a class of those similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>RIGSTAFF TEXAS LLC,<br>RIGSTAFF LTD.,<br>SCHLUMBERGER LTD.,<br>SCHLUMBERGER TECHNOLOGY<br>CORPORATION,<br>SCHLUMBERGER TECHNOLOGIES,<br>INC.,<br>DOUGLAS WHITE,<br>JOSEPH P. DELORENZO, and<br>WALTER BLISS<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 08-CV-01104 |

## DEFENDANTS RIGSTAFF TEXAS LLC, RIGSTAFF, LTD., JOSEPH P. DELORENZO, AND WALTER BLISS' RESPONSE TO PLAINTIFFS' OPPOSED MOTION FOR CONDITIONAL "COLLECTIVE ACTION" CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT

Defendants RigStaff Texas LLC, RigStaff, Ltd., Joseph P. Delorenzo, and Walter Bliss (collectively "Defendants," "the defendants," or "RigStaff defendants") file this Response to the Plaintiffs' Opposed Motion for Conditional "Collective Action" Certification Under the Fair Labor Standards Act.

### BACKGROUND

The plaintiffs filed this lawsuit on November 21, 2008, alleging several claims, including a violation of the Fair Labor Standards Act (FLSA). The plaintiffs worked with RigStaff and Schlumberger Technology Corp. in 2006 via temporary H-2B visas. The plaintiffs request that

the Court conditionally certify a collective action, under 29 U.S.C. 216(b), of "[a]ll persons who worked for Schlumberger Technology Corp. under H-2B visas that were issued to the RigStaff Defendants."

<u>ARGUMENTS AND AUTHORITIES</u>

The RigStaff defendants do not dispute the authorities referenced by the plaintiffs in its Brief in Support of its Motion regarding the standard for conditional certification and do not dispute that, <u>at this stage of the proceedings</u>, a conditional opt-in class is permissible. Although irrelevant for purposes of the plaintiffs' motion, the defendants dispute some of the allegations made in the plaintiffs' brief and will oppose them at the appropriate time. This includes the number of workers who may fall under the "similarly situated" class, the number of hours the plaintiffs may have worked, their locations of employment, the relevance of documents submitted to the Department of Labor and the staffing agreement between Schlumberger and RigStaff as it relates to the plaintiffs' claims, and the understanding as to how much the plaintiffs were to be paid, including the appropriate contract at issue.

I.  <u>Proposed Notice Form</u>

For purposes of the conditional certification, the defendants' opposition is primarily with regards to the plaintiffs' proposed notice to send to potential opt-in plaintiffs. Specifically, the defendants attach a revised notice form that is more appropriate and presents information in a more equitable manner, rather than the unfairly prejudicial version submitted by the plaintiffs. *See Attachment A*. The primary differences are explained as follows:

1) The dates referenced in the notice should be limited to no more than three years prior to the date of the Court's order conditionally certifying the case as a collective action. The plaintiffs worked under the Schlumberger and RigStaff agreement no later than August 22, 2006,

which would require their FLSA cause of action to fall under a three-year statute of limitations in order to be actionable. The only way they can fall under this limitations period is if they can prove that the defendants acted willfully. Although the defendants dispute any willful violation of the FLSA, for purposes of the notice period at the conditional certification stage, the former workers may opt-in at this time because there has been no determination by the Court on this issue. However, the date on the notice form should specify the limitation so that the potential opt-in plaintiffs are not misled as to the scope of their claim. Considering it is already late April 2009, a majority of the potential opt-in plaintiffs' claims will be outside the statute of limitations. The defendants' proposed notice form adequately provides this information.

2) The plaintiffs' proposed notice does not adequately and completely inform the potential opt-in plaintiffs of the effect of joining the case. As an initial matter, the plaintiffs should be informed that they may be have to participate in the discovery process, including the possibility of answering interrogatories and being deposed. Furthermore, because they will be considered party-plaintiffs if they opt-in, they will be jointly and severally liable for taxable costs under 28 U.S.C. § 1920 if the defendants prevail. *See Northeast Holdings, L.L.C. v. Town of Riverhead*, 244 F.R.D. 166, 168 (E.D.N.Y. Aug. 1, 2007) ("[L]iability for costs is to be shared jointly and severally when there are multiple parties on the losing side.") (citing *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002); *also see White v. Sundstrand Corp.*, 256 F.3d 580, 585-86 (7th Cir. 2001); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469-70 (3d Cir. 2000); *Petit v. City of Chicago*, 2003 WL 22339277, *3 (N.D. Ill. 2003) (Attached as *Exhibit #1*)). Therefore, it would be misleading to imply that the potential opt-in plaintiffs could suffer no financial liability if they do not prevail. The defendants' proposed notice adequately informs the plaintiffs of these issues.

3) The plaintiffs attempt to the limit information regarding the attorneys involved in this lawsuit to only their attorneys. However, at this stage, the plaintiffs should also be informed of the attorneys for the defendants and be permitted to contact them as well. Furthermore, neither party should be permitted to contact the potential opt-in plaintiffs until after they have first contacted the attorneys. The defendants' proposed notice takes these issues into account to allow for a more equitable proposal.

4) The time period by which the potential additional plaintiffs are permitted to opt-in, as proposed by the plaintiffs, is up to August 31, 2009. This is an unreasonably long period of time for an opt-in notice. Although the defendants would normally suggest a 30-45 day time-period, because the potential opt-ins are in Indonesia, a 60-day time period from the date of the Court's order is sufficient.

5) The plaintiffs propose that potential opt-ins be permitted to email the form. Although the defendants dispute that email is an appropriate method of submitting the form because of the risk of manipulation or alterations to the form if submitted electronically, the defendants will permit this form of submission if the opt-ins are also required to mail the form no later than 15 days after the 60-day time period to opt-in (i.e. If the opt-in emails his notice on the last day to opt-in, then he has 15 days to mail the form as well.). The defendants' proposed notice accordingly provides for such a condition.

6) The plaintiffs' proposed notice references that no retaliation is permitted. Although such information may be appropriate if any of the potential opt-in plaintiffs were currently employed, that is not the case here. None of the plaintiffs have worked under the RigStaff-Schlumberger staffing agreement since August 22, 2006. Therefore, including that paragraph is unnecessary and misleading.

7) Although the defendants' proposed notice contain other minor changes, it is unnecessary to discuss all of them in detail; however, the defendants specifically object to any portions of the plaintiffs' proposed notice that deviate from the revised version included in Attachment A.

II.     Contact Information of Potential Opt-in Plaintiffs

The plaintiffs also request the following information regarding the proposed opt-in plaintiffs: dates of birth, addresses, telephone numbers, social security numbers, and passport numbers. Not only is all this information unnecessary, but providing social security and passport numbers of potential opt-in plaintiffs is inappropriate and will constitute a violation of privacy and confidentiality rights, especially at this early stage of the proceedings before any opt-in notices have even been sent out. *See Jackson v. Papa John's USA, Inc.*, 2009 WL 1011105, \*2-4 (N.D. Ohio April 15, 2009) (attached as *Exhibit #2*). Furthermore, only after the Court issues an order regarding the plaintiffs' Motion may the plaintiffs obtain the necessary contact information of the employees in order to send out the opt-in notices.[1]

### CONCLUSION AND PRAYER

The defendants respectfully request that the Court partially deny the Plaintiffs' Motion and, instead, conditionally certify the proposed FLSA collective action as defined above and approve the proposed opt-in notice included in Attachment A.

---

[1] To any extent the plaintiffs are seeking potential opt-in contact information prior to the Court's ruling on the plaintiffs' Motion, that request is premature and the defendants oppose providing such information. *See, e.g., Knutson v. Blue Cross and Blue Shield of Minnesota*, 254 F.R.D. 553, 557-58 (D. Minn., December 29, 2008); *Stephens v. Erosion Containment Management*, 2008 WL 2157095 (M.D. Fla., May 21, 2008); *Crawford v. Dothan City Board of Education*, 214 F.R.D. 694, 694 (N.D. Ala. 2003).

Respectfully submitted,

/s/ *Nitin Sud*
R. Shawn Oller (N.M. Bar No. 8787)
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801
soller@littler.com

Nitin Sud
Texas State Bar No. 24051399
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
nsud@littler.com

ATTORNEYS FOR DEFENDANTS
RigStaff Texas LLC, RigStaff Ltd., Joseph P. Delorenzo, and Walter Bliss

CERTIFICATE OF SERVICE

    I certify that on April 22, 2009, I served the foregoing instrument upon all the following counsel of record through the ECF filing system:

William H. Beardall
Equal Justice Center
Transnational Worker Rights Clinic
510 S. Congress Ave.
Suite #206
Austin, TX 78704

Jerome Wesevich
Equal Justice Center
1004 Summit Dr., NE
Albuquerque, NM 87106

Edward Tuddenham
272 W. 107th St. #20A
New York, NY 10025

Benjamin Banta
The Kullman Firm
1100 Poydras St.
Suite 1600
New Orleans, LA 70163

Daniel R. Dolan, II
5801 Osuna Rd NE
Suite 106
Albuquerque, NM 87109

/s/ *Nitin Sud*
Nitin Sud

Firmwide:89572706.1 061678.1001