IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

WELLEM MARCH PAULUS,
ZAINAL TAMPUBULON, on behalf of
themselves and a class of those similarly
situated,

        Plaintiffs,

v.

RIGSTAFF TEXAS LLC, RIGSTAFF
LTD., SCHLUMBERGER LTD.,
SCHLUMBERGER TECHNOLOGY
CORPORATION, SCHLUMBERGER
TECHNOLOGIES, INC., DOUGLAS
WHITE, JOSEPH P. DELORENZO,
and WALTER BLISS,

        Defendants

Civil Action No.

1:08-CV-1104 (BB)

### MEMORANDUM OPINION AND ORDER
### PERMITTING CONDITIONAL CERTIFICATION

**THIS MATTER** is before the Court on Plaintiffs' *Motion for Conditional "Collective Action" Certification Under the Fair Labor Standards Act* [Doc. 47]. The Court having reviewed all submissions of counsel, finds the motion supported by law and it will be Granted.

*Discussion*

In 2005, RigStaff Texas LLC and RigStaff Ltd. ("RigStaff Defendants") applied for and received 40 temporary visas for foreign workers to fill jobs entitled "Equipment Operator I." Plaintiffs are two Indonesian workers who were recruited by RigStaff to

come to the United States to work for Defendant Schlumberger Technology Corporation under temporary H-2B visas. Plaintiffs filed this lawsuit on November 21, 2008, alleging *inter alia* a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Plaintiffs complain that Defendants breached their work contracts and deprived Plaintiffs and other similarly situated H-2B workers of overtime payments required by FLSA. Plaintiffs brought their FLSA claims as an FLSA representative action and their state law claims as a Rule 23(b)(3) class action on behalf of similarly situated H-2B workers. Plaintiffs now move to conditionally certify this action as an FLSA collective action on behalf of the following class:

> All persons who worked for Schlumberger Technology Corporation under H-2B visas that were issued by the RigStaff Defendants

Both the RigStaff and Schlumberger Defendants recognize that "the weight of the law in this circuit allows for the *conditional* certification of this case as a collective action, pursuant to the Fair Labor Standards Act ("FLSA"), under a 'quite lenient' standard, with conditional certification being based on 'nothing more than substantial allegations that the putative class members were ... subject to a single decision or policy.'" *Wood v. Sundance Prof'l Servs., LLC*, No. 08-2392-JAR, 2009 U.S. Dist. LEXIS 15732, at *4 (D. Kan. Feb. 26, 2009); *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *see Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004) (noting that the "standard for certification at the notice stage is a

lenient one that usually results in class certification"). (Schlumberger Br. p. 2); (*see also* RigStaff Br. p. 2).

The Court has considered RigStaff's objection to the form of Plaintiffs' *Consent to Sue* and attaches an approved form hereto as Exhibit A. The Court will reserve resolution of the statute of limitations issue until, and if, Plaintiffs materialize whose claims Defendants' believe to be outside the applicable limitations period.

## O R D E R

Plaintiffs' *Motion* for certification as a Fair Labor Standards collective action on behalf of all persons who worked for Schlumberger Technology Corporation under H-2B visas issued to RigStaff Texas LLC or RigStaff Ltd. is conditionally GRANTED.

SO ORDERED this 4th day of May, 2009.

_____
BRUCE D. BLACK
United States District Judge