IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

WELLEM MARCH PAULUS,
ZAINAL TAMPUBULON, on behalf of
themselves and a class of those similarly
situated,

      Plaintiffs,

v.                                                                                   No. CIV 1:08-1104 (BB)

RIGSTAFF TEXAS LLC, RIGSTAFF
LTD., SCHLUMBERGER LTD.,
SCHLUMBERGER TECHNOLOGY
CORPORATION, SCHLUMBERGER
TECHNOLOGIES, INC., DOUGLAS
WHITE, JOSEPH P. DELORENZO,
and WALTER BLISS,

      Defendants.

## MEMORANDUM OPINION
### AND
## ORDER DENYING MOTION TO TRANSFER

THIS MATTER is before the Court on the Motion of Defendants RigStaff Ltd.,

Joseph P. Delorenzo, and Walter Bliss (collectively "Defendants") [Doc. 12] and Joined

by the Schlumberger Defendants.  The Court has reviewed the pleadings of counsel and

finds the Motion will be Denied.

*Discussion*

*Jurisdictional Facts*

Plaintiffs are Indonesian workers who were recruited in Indonesia by the Defendants to come to the United States on H-2B temporary work visas to perform oil-rig work during 2005 and 2006.  These Plaintiffs allege five causes of action: (1) unpaid overtime wages for themselves pursuant to the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 *et seq.*; (2) unpaid overtime wages on behalf of the FLSA Class pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.*; (3) breach of contract on behalf of themselves and the Rule 23 Class; (4) unjust enrichment on behalf of themselves and the Rule 23 Class; and (5) conversion on behalf of themselves and the Rule 23 Class.

Defendants RigStaff, Ltd. and RigStaff Texas LLC are a limited partnership and limited liability company formed in, and maintaining their principal business offices in, Texas.  Defendant Walter Bliss resides in Katy, Texas.  Defendant Joseph P. Delorenzo resides in Houston, Texas.  Defendant Douglas L. White also resides in Texas.

The Schlumberger Defendants' headquarters and principal places of business are respectively located in and near Houston.

RigStaff Ltd. is a global provider of specific staffing solutions within the oil and gas industry.  The company specializes in providing staffing and professional services for rigs, for oilfield services, and for manufacturing.  It provides personnel from other

2

countries who have oilrig experience.  This lawsuit arises out of an agreement requiring RigStaff Ltd. to provide Schlumberger Oilfield Services "25-40 English speaking rig hands willing to travel to the USA ..." for "staffing needs at the Farmington, New Mexico location."

### *Legal Standard*

The Tenth Circuit has identified the following factors as potentially relevant in determining whether a transfer is appropriate under 28 U.S.C. § 1404(a):

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Bailey v. Union Pacific R. Co.*, 364 F. Supp. 2d 1227, 1229-30 (D. Colo. 2005) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The party seeking transfer has the burden of proving that the existing forum is inconvenient.  *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561 (10th Cir. 1978); *Four Corners Nephrology Assoc., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095 (D. Colo. 2006).  The district court should evaluate the pros and cons of transfer and then exercise its discretion.  *Stewart Org., Inc. v. Ricoh*

*Corp.*, 487 U.S. 22, 29 (1988); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300, 305 (10th Cir. 1971).

*Application of Law to Facts*

(1) *Plaintiffs' Choice of Forum*: In general, a plaintiff's choice of forum is given considerable weight and "[u]nless the balance is strongly in favor of the movant, the plaintiffs' choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005); *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998). Defendants correctly point out that Plaintiffs' choice of forum is not as significant where, as here, Plaintiffs are foreign residents. *See Pfeiffer v. Himax Tech., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008); *Apparel Prod. Servs., Inc. v. Transportes de Carga Fema, S.A. de C.V.*, 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008). As Plaintiffs note, however, that Plaintiffs' residency is so discounted primarily in situations where the operative facts also occurred in another forum. In this situation, New Mexico is the locus of most of the operative facts and New Mexico therefore has some interest in deciding the issues raised by the complaint.

(2) *Accessability of Witnesses and Other Sources of Proof*: Since the most significant portion of the operative facts occurred in New Mexico, it is the most "accessible" forum. Defendants made application for permission to employ foreign workers, including Plaintiffs, in New Mexico, and sought the approval of New Mexico

4

state officials to do so. That application allegedly forms part of the contract that Plaintiffs seek to enforce. Witnesses working for the New Mexico Department of Workforce Solutions who received and approved RigStaff's visa applications reside in New Mexico. Plaintiffs also allege that Defendants, by threat of sending Plaintiffs back to Indonesia, forced them to sign a second (and substantially less favorable contract) in New Mexico. The oilfield work at issue was performed, at least in part, in New Mexico. This supports Plaintiffs' position that a significant number of potential witnesses will reside in New Mexico. Schlumberger employees and supervisors who worked with Plaintiffs in New Mexico and who are likely to be knowledgeable about Plaintiffs' hours of work (potentially a critical issue in an overtime case) also presumably live in New Mexico or the Four Corners area. Indeed, in the Initial Pretrial Order, of the sixteen witnesses listed, seven live in New Mexico and only two reside in Texas. Many of the necessary documents also appear to be in New Mexico. The New Mexico Department of Workforce Solutions, and its records, is, of course, subject to compulsory process in New Mexico but not in Texas.

It would appear likely, then, that the proof and witnesses are more accessible in New Mexico. This, of course, also has implications for another factor which should be considered, the cost of the suit.

(3) *Factors of Efficiency*: The Court is also obligated to consider the level of congestion of the civil docket in the potential transferor and transferee courts. The

Southern District of Texas has an average civil disposition time of 6.2 months while the average time of disposition in New Mexico is 9.0 months.  While this augers in favor of transfer, it is unlikely this limited class action involving FLSA, breach of contract, unjust enrichment, and detrimental reliance will be an "average" civil case.

(4) *Local Law*: Schlumberger has recently filed a cross-claim against RigStaff in which they asserted a Texas state law claim.  Like the average time of disposition, this would cut in favor of transfer.  It is presumed, however, that the common law on unjust enrichment and several of Defendants' affirmative defenses is substantially identical.

### *Conclusion*

On balance, the factors favoring transfer are evenly balanced with those cutting against it.  Since the Defendants seeking transfer have the burden, they must lose when the evidence is in equipoise.  *Texas Eastern Transmission Corp., supra*.

### O R D E R

For the above stated reasons, Defendants' motion must be DENIED.

SO ORDERED this 26th day of May, 2009.

BRUCE D. BLACK
United States District Judge

6