IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

WELLEM MARCH PAULUS,
ZAINAL TAMPUBULON, on behalf of
themselves and a class of those similarly
situated,

        Plaintiffs,

v.                                                                                         No. CIV 08-1104 BB/GBW

RIGSTAFF TEXAS LLC, RIGSTAFF
LTD., SCHLUMBERGER LTD.,
SCHLUMBERGER TECHNOLOGY
CORPORATION, SCHLUMBERGER
TECHNOLOGIES, INC., DOUGLAS
WHITE, JOSEPH P. DELORENZO,
and WALTER BLISS,

        Defendants

## MEMORANDUM OPINION SUPPORTING ORDER
## TO AMEND ANSWER AND IMPLEAD THIRD PARTY

DEFENDANTS Schlumberger Ltd. and Schlumberger Technology Corporation ("Schlumberger") have moved to amend their Answer pursuant to Federal Rule of Civil Procedure 15(a) and to Implead a Third-Party, the Maxine Culbertson Irrevocable Trust, pursuant to Federal Rule of Civil Procedure 14(a) [doc. 103]. This is opposed only by Defendants Rigstaff Texas LLC, RigStaff Ltd., Joseph P. Dilorenzo, and Walter Bliss (collectively denominated "Defendants"). Having considered all arguments of counsel, the Court finds the Schlumberger Motion is supported by law and it will be Granted.

*Legal Standard*

"Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, lave to amend a complaint shall be freely given when justice so requires." *Child A., Child B. ex rel. Gaither v. Allstate Ins. Co.*, 323 Fed. Appx. 635 (10th Cir. 2009). "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Id.* (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see also Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

*Discussion*

*Unopposed Amendments*

The following amendments are unopposed by all parties and can be granted:

- ! Schlumberger's request to amend its original defenses to Plaintiffs' complaint to clarify its position that it was not a joint employer of Plaintiffs, to assert a defense that Plaintiffs were independent contractors, to adopt the RigStaff Defendants' defenses in the alternative (should Schlumberger be deemed a joint employer under the FLSA), and to assert a Statute of Frauds defense; and

- ! Schlumberger's request to assert cross-claims against the RigStaff Defendants (including both of the two RigStaff entitles - RigStaff Texas LLC and RigStaff Ltd. - and the three individual Defendants - Joseph P.

>Delorenzo, Walter Bliss, and Douglas White) for breach of contract and contribution.

*Unjust Enrichment*

Defendants oppose Schlumberger's amendment to seek a recovery for unjust enrichment on the ground that Schlumberger lacks legal standing to assert an unjust enrichment claim against RigStaff because "it appears that Schlumberger is attempting to recover potential damages that may be owed to the plaintiffs." (RigStaff's Resp. at 3). Defendants argue that Schlumberger is "attempting to assert an unjust enrichment claim based on the same events claimed by the plaintiffs and apparently by relying on the same agreement forming the basis of their breach of contract claim against RigStaff." *Id*. Defendants conclude, if the defendants were unjustly "enriched by withholding potential wages due to the plaintiffs, then they would owe the plaintiffs - not Schlumberger." *Id*.

While this argument has a superficial logic, it must be rejected at this stage. Schlumberger wishes to allege that RigStaff was unjustly enriched because it paid RigStaff more than sufficient funds for RigStaff to pay Plaintiffs all legally required wages, including any overtime. If RigStaff then failed to pay the workers all legally required wages, RigStaff has been unjustly enriched. Under the Fair Labor Standards Act, Schlumberger could be required to make up the shortfall in Plaintiffs' wage payments even though it already paid RigStaff a sufficient sum to do so. Accordingly, Schlumberger could essentially be required to pay twice when it should have paid only

once, with RigStaff Defendants ending up retaining funds it allegedly owes; that would be unjust enrichment. *Ontiveros Insulation Co. v. Sanchez*, 3 P.3d 695, 598 (N.M. App. 2000).

At this stage, Defendants adequately state a viable claim and the amendment will be allowed.

### *Irrevocable Trust*

Defendants argue that Schlumberger should not be allowed to implead the Maxine Culbertson Irrevocable Family Trust as a third party since under Texas law "a trust is not a legal entity and therefore cannot be sued." (Defs.' Resp. p. 3). While there appears there has been some confusion in Texas law as to whether a trust is an appropriate party, *see Ray Malooly Trust v. Juhl*, 186 S.W.2d 568, 570 (Tex. 2006) (discussing cases which have allowed trust as a party), it is irrelevant here. Schlumberger does not seek to sue the trust itself, but rather its trustee, Joseph Delorenzo. There is no question that the trustee is a proper party under Texas law. *Juhl, supra*; *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App. 2008).

### *Conclusion*

For the above stated reasons, Defendants' Motion to Amend its Answer and Implead Mr. Delorenzo will be GRANTED.

/s/ Bruce D. Black _____
**BRUCE D. BLACK**
**United States District Judge**