IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WELLEM MARCH PAULUS, and
ZAINAL TAMPUBULON, on
behalf of themselves and a class
of those similarly situated,

                Plaintiffs,

v.                                                                                                CIV 08-1104-BB-GBW

RIGSTAFF TEXAS LLC, RIGSTAFF
LTD., SCHLUMBERGER LTD.,
SCHLUMBERGER TECHNOLOGY CORP.,
SCHLUMBERGER TECHNOLOGIES INC.,
DOUGLAS L. WHITE, JOSEPH P.
DELORENZO, and WALTER BLISS,

                Defendants.

<u>ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER</u>

This matter is before the Court on Plaintiffs' Motion for Protective Order. *Doc. 80.* In addition to Plaintiffs' Motion, the Court has reviewed the following pleadings: Plaintiffs' Memorandum in Support of the Motion (*Doc. 81*), Schlumberger Defendants' Response to the Motion (*Doc. 91*), Rigstaff Defendants' Response to the Motion (*Doc. 94*), Plaintiffs' Reply (*Doc. 101*), Plaintiffs' Supplemental Memorandum in Support of the Motion (*Doc. 144*), and Schlumberger Defendants' Supplemental Response to the Motion (*Doc. 151*). The relevant facts are amply described in those pleadings.

Defendants have noticed the two plaintiffs for depositions in Albuquerque, New Mexico. Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs seek a protective order that "requires Defendants to depose Plaintiffs in Indonesia, whether live, by telephone or videoconference, or by written questions." *Doc. 81.* Under Federal Rule of Civil Procedure 26(c), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including … specifying terms, including time and place, for the disclosure or discovery." Plaintiffs, as the party seeking the protective order, have the burden to show "good cause." *See* 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2035 (Supp.1994). Pursuant to Rule 26(c), the court has great discretion in establishing the time and place of a deposition. *See In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). Moreover, the Rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

As a general rule, plaintiffs must make themselves available for examination in the district in which they brought suit. *See Abdullah v. Sheridan Square Press*, 154 F.R.D. 591, 592-93 (S.D.N.Y. 1994). Some courts have opined that this rule is less firm where the plaintiffs had little choice in the forum selection. *See e.g. id.* at 593. Regardless of the firmness of this "rule," there is no consensus as to what level of hardship is required to establish "good cause" under Rule 26(c). Some courts require "extreme hardship"

while others argue that leave should be liberally granted. *See U.S. v. Rock Springs Vista Development*, 185 F.R.D. 603, 604 (D. Nev. 1999) (requiring extreme hardship for plaintiff's deposition); *but c.f. Jahr v. IU Intern. Corp.*, 109 F.R.D. 429 (M.D.N.C.1986) (leave should be liberally granted to reduce costs).

In the instant case, Plaintiffs point to the following hardships to justify the protective order: (1) the expense of approximately $1500 for each roundtrip ticket; (2) the loss of income from missing work for the trip which would take a minimum of 6 days; and (3) the extraordinary stress of leaving their families and taking such a long trip to a foreign country. Plaintiffs contend that these burdens justify a protective order when viewed in the context of the facts that: (a) they are quite poor, (b) the Defendants knowingly recruited foreign workers and transported them to the U.S. to work, and (c) the lack of prejudice to Defendants given the other proposed deposition options. Defendants counter that (1) the described expenses are not extraordinary especially given the sizeable sum of money Plaintiffs are seeking to recover, (2) telephonic depositions are inadequate where such significant credibility issues are at play, and (3) these plaintiffs' depositions are particularly important because they are seeking to be class representatives.

There can be no dispute that, when plaintiffs seek legal redress, they must bear substantial burdens and costs which accompany litigation. Appearing for deposition is but one of those burdens. However, when costs and burdens are extraordinary, the

court should step in to mitigate them. This responsibility ensures that meritorious claims are not *per se* excluded because the costs of litigation are too high. This responsibility is particularly acute in cases which involve parties of such disparate means. Nonetheless, defendants have a right to full discovery on relevant matters. Much of the dispute on this issue centers around the importance of face-to-face depositions. Plaintiffs argue that telephonic depositions are absolutely adequate because demeanor and documents are not crucial in this case at this stage. *Doc. 144* at 6 (*citing Palma v. Safe Hurricane Shutters*, 2009 WL 653305 (S.D.Fla. 2009)). Unsurprisingly, Defendants take a different view.

Unlike the judge in *Palma*, this Court is not so quick to dismiss the importance of face-to-face depositions of plaintiffs even at this stage in the case. As any trial attorney will admit, how a plaintiff comes across is a crucial fact in evaluating a case prior to trial. The Court also recognizes that both sides have a distinct incentive to understate or overstate the importance of the face-to-face deposition. Thankfully, the Court is not limited to an all-or-nothing decision on this issue. Accordingly, the Court will attempt to fashion a protective order which ensures that: (1) Defendants are able to conduct legitimate discovery; (2) Plaintiffs carry a fair, but not unbearable, share of the burden of litigation; and (3) all parties have an incentive to mitigate costs and critically evaluate the pros and cons of face-to-face depositions.

If Defendants wish to conduct face-to-face depositions of these two plaintiffs in the United States, they shall be held in Houston, Texas.  Defendants will be responsible for paying 75% of the reasonable costs of travel and lodging incurred by Plaintiffs[1] in making the trip.  These costs may be divided among Defendants as they see fit.  If Defendants do not wish to incur these costs, they are still free to conduct video-teleconference depositions, telephonic depositions or depositions by written questions with costs shared as the parties may agree.

It is important to address the consideration that the Court gave to the issue of whether this case is proceeding as a class action with two named representatives or as a case with 20 individual plaintiffs.  If the case proceeds as a class, it is particularly important that Defendants are given an opportunity (albeit with significant cost-sharing as described) to personally depose the named representatives.  However, the Court will be inclined to grant protective orders to prevent other class members from being brought to the United States for in-person depositions.  Defendants should understand that, if the case instead proceeds as 20 individuals, the Court will still be inclined to grant those protective orders.  This inclination is based upon the conclusion that Defendants should be able to sufficiently evaluate the factual claims of the entire group of Plaintiffs through the in-person depositions of two well-chosen Plaintiffs.

---

[1] This order should not be interpreted as requiring Defendants to pay the travel or lodging expenses of Plaintiffs' counsel.  Those costs will be borne by Plaintiffs' and their counsel.

Consequently, if Defendants believe that the named Plaintiffs, Wellem March Paulus and Zainal Tampubulon are not sufficiently representative, then they may wish to depose them in some fashion that does not involve bringing them to the United States and depose two other more representative individual Plaintiffs in-person in the United States under the same conditions described in this Order.

    IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE