IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

WELLEM MARCH PAULUS,
ZAINAL TAMPUBULON, on behalf of
themselves and a class of those similarly
situated,

       Plaintiffs,

v.                                                                                        No. 1:08-CV-1104 BB/ACT

RIGSTAFF TEXAS LLC, RIGSTAFF
LTD., SCHLUMBERGER LTD.,
SCHLUMBERGER TECHNOLOGY
CORPORATION, SCHLUMBERGER
TECHNOLOGIES, INC., DOUGLAS
WHITE, JOSEPH P. DELORENZO,
and WALTER BLISS,

       Defendants

## MEMORANDUM OPINION
## SUPPORTING ORDER TO AMEND

**THIS MATTER** is before the Court on *Plaintiffs' Motion for Leave to File a First Amended Complaint* [Doc. 145], and the Court having considered all submissions of counsel, finds the motion has legal merit and should be Granted.

### Discussion

Plaintiffs filed their complaint in this action on November 21, 2008, and asserted (1) a collective action claim under the overtime pay provisions of the Fair Labor Standards Act ("FLSA") and (2) New Mexico state law claims for breach of contract, unjust enrichment, and conversion under the class action provisions of Federal Rule of

Civil Procedure 23. On March 17, 2009, the Court entered an Initial Scheduling Order with a deadline for Plaintiffs to amend their pleadings and add parties by May 1, 2009. Following some early discovery, Plaintiffs now seek to amend their complaint. The proposed amendment seeks, *inter alia*, to make the following additions and changes to the original complaint:

a. Add the 18 opt-in Plaintiffs as named Plaintiffs in this action and eliminate the Rule 23 and collective allegations set forth in the original complaint.

b. Add the following causes of action on behalf of all Plaintiffs:
1. 42 U.S.C. § 1981;
2. Fraud;
3. Negligent Misrepresentation;
4. Civil Conspiracy

c. Add claims under the New Mexico Wage Payment and Minimum Wage Act on behalf of Plaintiffs employed in New Mexico; and

d. Add claims under Wyoming Statutes 27-4-104 and 27-4-114 on behalf of Plaintiffs employed in Wyoming and a fee claim under Utah Statute 34-27-1.

Defendants oppose this motion on several grounds.

I. <u>Good Cause</u>

Federal Rule of Civil Procedure 16(b) "focuses on the diligence of the party seeking leave to modify the scheduling order." *Street v. Curry Bd. of County Comm'rs*, 2008 WL 2397671 at *6 (D.N.M.); *see also Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006) (equating Rule 16 good cause analysis with Rule 15 undue delay analysis). It is undisputed the factual prerequisites necessary to allege the

Wyoming, Utah, and New Mexico state law claims are alleged to have been uncovered during the discovery and after the amendment deadline had already run. There is, then, no argument with regard to the good cause on these claims and Defendants advance none.

Defendants challenge the good cause foundation for Plaintiffs proposed tort claims and discrimination under 42 U.S.C. § 1981. Both sides spend a great deal of time analyzing the evidence exhumed in early discovery. Whether this evidence will ultimately sustain Plaintiffs' claims is, however, not the appropriate legal standard. To determine whether an amendment should be denied as futile, the Court must analyze the amendment as if it were a motion to dismiss pursuant to Rule 12(b)(6). *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999); *Stepnay v. Goff*, 164 Fed. Appx. 767 (10th Cir. 2006). This requires an examination of the allegations in, not the quality of the evidence undergirding, the proposed pleadings. As the Tenth Circuit has noted, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). At this point Defendants do not attempt to argue that the allegations of fraud, conspiracy, and discrimination under § 1981 set forth in the proposed amended complaint fail to state causes of action.

Defendants also bear the burden of showing the proposed amendment would cause them undue prejudice. *Beeck v. Aquaslide "N" Dive Corp.*, 562 F.2d 537 (8th Cir. 1977); *Acker v. Burlington Northern & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003). Defendants only claim that they would not have participated in a settlement conference prior to the expiration of amendment deadlines. Even ignoring the fact that the parties are required to participate in at least one Magistrate-supervised settlement conference in this district, this is insufficient. The expenditure of time, money, and effort alone is not grounds for a finding of prejudice sufficient to deny a motion to amend. *Bylin v. Billings*, 568 F.3d 1224 (10th Cir. 2009). Rather, courts "typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter v. Prime Equipment Co.*, 451 F.3d at 1207).

Finally, Defendants argue that joining the 18 FLSA opt-in plaintiffs as named plaintiffs in this action will prejudice them by depriving them of an opportunity to move to decertify the FLSA class. This ignores that (1) Plaintiffs are providing a quid pro quo in dropping their claim for class certification and (2) Defendants are still free to move to sever any claims that discovery demonstrates are not properly joined. Indeed, if, as Defendants argue, there is significant differences in the various Plaintiffs' duties at different locations, it may be multiple trials will best serve the ends of justice. Discovery in this case is in its early stages and any actual, as opposed to potential, prejudice can be fairly remedied.

**O R D E R**

**For the above stated reasons,** *Plaintiffs' Motion for Leave to File a First Amended Complaint* **is GRANTED.**

**SO ORDERED this 13th day of January, 2010.**

_____

**BRUCE D. BLACK**
**United States District Judge**